UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHUNG THUY NGUYEN, an individual,<br><br>              Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC. d/b/a AMAZON, a Washington Corporation,<br><br>              Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

**COMPLAINT**

COMES NOW the Plaintiff, CHUNG THUY NGUYEN (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, JOHNSON BECKER, PLLC and DIAMOND MASSONG, PLLC, and hereby submits the following Complaint and Demand for Jury Trial against Defendant AMAZON.COM, INC. d/b/a AMAZON (hereafter referred to as "Defendant Amazon"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

**I.      NATURE OF THE CASE**

1.      This is a product liability action based upon causes of action under the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq.* and/or Va. Code § 8.2- 313, *et Seq.* for

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 1

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

breach of implied warranties seeking recovery for substantial personal injuries and damages suffered by Plaintiff.

2.      Defendant Amazon markets, imports, distributes and sells a wide-range of consumer products, including the subject "Mueller Electric Pressure Cooker," Model No. ML100A-M01 [hereafter referred to as "pressure cooker(s)"] that is at issue in this case.

3.      The subject pressure cooker product suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4.      Specifically, despite statements to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5.      On or about February 17, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.  The incident occurred as a result of the failure of the pressure cooker's defective interlock and non-compliance with industry standards; specifically, UL 136 Sections 9 and 10.

6.      Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 2

7. As a direct and proximate result of Defendant Amazon's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## II.  PARTIES, JURISDICTION & VENUE

8. At all times relevant, Plaintiff is and has been a resident and citizen of the city of Blacksburg, County of Montgomery, State of Virginia. Plaintiff is therefore deemed to be a resident and citizen of the State of Virginia for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

9. Defendant Amazon is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business located in Washington. Amazon does business in all 50 states. Amazon is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

10. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Amazon is a resident and citizen of the State of Washington.

## III.  FACTUAL BACKGROUND

12. Defendant Amazon is engaged in the business of warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

13. Mueller pressure cookers utilize a mechanical interlock system which prevents the lid from being opened when pressurized.

14. When the unit is not pressurized, a float valve rests in a down and "open" position. This allows the lid's locking pin, a part of the interlock, to move freely so that, as the lid is rotated, the locking pin can easily ride over locking flanges or metal lugs on the base of the cooker.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 3

15. As the unit cooks, and pressure under the lid increases, the float valve gets upward which is supposed to obstruct the free movement of the sliding mechanism attached to the lid's locking pin.

16. This mechanism is intended to prevent the lid from being opened while the cooker is pressurized; preventing the lid from rotating past the locking flange or metal lug.

17. In short, the interlock should prevent the lid from rotating while under pressure. If the pressure cookers interlock is weak, (e.g. there is a lack of contact between the locking pin and the cooker's metal flanges), and the unit retains pressure, the upward friction from the pressure inside the unit can allow the interlock to be "defeated" and the lid "removed" with some to little effort by the user.

18. This allows the consumer to open the unit while it is pressurized which can burn consumers; just as it did here.

19. By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

20. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

21. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

22. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 4

23.    Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

24.    As a direct and proximate result of Defendant Amazon's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

25.    Consequently, Plaintiff in this case seeks compensatory damages resulting from the use of Defendant Amazon's pressure cooker as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## IV.    CLAIMS FOR RELIEF

### COUNT I - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

26.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

27.    This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et Seq* and/or Va. Code § 8.2- 313, *et Seq.*

28.    Defendant Amazon is a merchant with respect to the subject goods at issue, including the subject pressure cooker.

29.    Defendant was/is a seller of the subject pressure cooker and thus has impliedly warranted the subject pressure cooker which it sold was merchantable for its ordinary and foreseeable purpose.

30.    The subject pressure cooker was expected to, and did, reach Plaintiff without undergoing any substantial changes or alterations to the condition in which it was sold to Plaintiff by Defendant.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 5

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

31.     From the time the subject pressure cooker left the control of Defendant until the time of the Subject Incident, it did not undergo any substantial changes or alterations.

32.     Plaintiff made ordinary and foreseeable use of the subject pressure cooker and Plaintiff relied upon the implied warranties given by Defendant.

33.     Contrary to those implied warranties, at the time it was distributed, imported, marketed, and/or sold by Defendant, the subject pressure cooker was not merchantable for its ordinary and foreseeable purpose and was defectively and unreasonably dangerous due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

34.     Plaintiff did not know at the time of her use of the subject pressure cooker, nor at any time prior thereto, of the existence of the defects in the product.

35.     The unreasonable dangers associated with the foreseeable uses of the subject pressure cooker exceed those that the ordinary user or consumer would anticipate, and the risk of harm stemming from its manufacture could have been reduced or avoided entirely had the subject pressure cooker not deviated from its design specifications, formulas, and/or performance standards.

36.     The unreasonable dangers associated with the uses of the subject pressure cooker outweigh its utility, and the foreseeable risk of harm regarding its design could have been reduced or avoided entirely by the incorporation of feasible, alternative designs.

37.     The unreasonable dangers associated with the uses of the subject pressure cooker outweigh its utility, and the foreseeable risk of harm posed by it could have been reduced or avoided had adequate warnings, instructions for use and information been provided with the product.

38.     As a direct and proximate result of the above-noted defect(s) of the subject pressure cooker, Plaintiff sustained debilitating injuries, permanent scarring, medical expenses, economic damages, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 6

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

39.    Plaintiff's injuries, and the manner in which they occurred, were reasonably foreseeable to Defendant.

40.    As a direct, actual, and proximate result of Defendant Amazon's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered debilitating injuries, permanent scarring, medical expenses, economic damages, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## V.    INJURIES & DAMAGES

41.    As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident.  Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

42.    As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

43.    As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 7

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

### VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant Amazon for damages, as well as all costs of this action and interest, to the full extent of the law, whether arising under the common law and/or statutory law, including:

    a.  Judgment for Plaintiff and against Defendant;

    b.  Damages to compensate Plaintiff for her injuries and suffering sustained as a result of the use of the Defendant's pressure cooker;

    c.  Pre- and post-judgment interest at the lawful rate;

    d.  A trial by jury on all issues of the case;

    e.  An award of attorneys' fees; and

    f.  For any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

### JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 8

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

Respectfully submitted,

**DIAMOND MASSONG, PLLC**

By: /s/ Maria S. Diamond
Maria S. Diamond, WSBA No. 13472
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
(206) 445-1258
maria@diamondmassong.com

*In association with:*

**JOHNSON BECKER, PLLC**

/s/ Adam J. Kress
Adam J. Kress, Esq., MN ID #0397289
*Pro Hac Vice application forthcoming*
Anna R. Rick, Esq., MN ID #0401065
*Pro Hac Vice application forthcoming*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 9